**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CLARK TAVARES,

       Petitioner,

v.                               CASE NO:  8:05-CV-2014-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

       Respondents.

_____/


## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of his 2002 convictions for burglary and grand theft entered by the Tenth Judicial Circuit Court, Polk County, Florida. (Dkt. #5.)   Petitioner also filed a Memorandum in Support of his Petition (Dkt. #6). Respondent filed a Response to Petition for Writ of Habeas Corpus (Dkt. #12), and Petitioner filed a Reply to the response (Dkt. #16).   For the reasons explained below, the Court concludes that the Petition should be denied.


## BACKGROUND

A jury found Petitioner, Clark Tavares, (hereinafter referred to as "Petitioner") guilty of burglary of a dwelling, and grand theft and on November 20, 2002, he was sentenced to fifteen (15) years imprisonment for the burglary count as a Prison Releasee Reoffender, and

five years concurrent for the grand theft count, to be served consecutive to a previously imposed sentence for violation of probation.

Petitioner was serving probation for armed burglary of a dwelling, grand theft, and dealing in stolen property. A revocation hearing was held on November 8, 2002, after affidavits were filed alleging Petitioner had violated probation by committing a new offense. At the hearing, the State put on evidence to substantiate the new charge. Both the arresting officer and the burglary victim testified at the hearing. When the prosecutor asked the arresting officer to describe the conversation she had with Petitioner that led to his arrest, defense counsel moved to exclude any statements made by Petitioner to the officer. The court concluded that the officer could testify about the conversation at both the hearing and trial. Petitioner was found guilty by a jury of both burglary of a dwelling and grand theft.

Petitioner filed a direct appeal. On October 31, 2003, the Second District Court of Appeal affirmed the judgment and sentence in a *per curiam* decision. *Clark v. State*, 864 So.2d 408 (Fla. 2d DCA 2003) [table]. The court issued the mandate on December 2, 2003.

On October 20, 2004, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("3.850 Motion"). Petitioner raised three claims of ineffective assistance of trial counsel, and one claim relating to the Sixth Amendment right to confront one's accuser. Petitioner alleged that counsel was ineffective for failing to: (1) timely file a motion to suppress hearsay testimony; (2) timely file a motion to suppress his confession given to Detective Cross; and (4) secure an expert fingerprint witness or file a motion to suppress damaging and questionable fingerprint evidence.

Petitioner's third claim alleged that statements offered to the jury by the detectives were made by a "phantom witness" who was never identified, and therefore, denied Petitioner of his right to confront the witness.  The state court summarily denied all four grounds on November 4, 2004.  Petitioner appealed.  On March 9, 2005, the appellate court filed a written opinion affirming the summary denial of grounds one, three and four, but reversed for further proceedings on ground two.  A mandate was issued on March 29, 2005.

On April 6, 2005, the trial court entered an order summarily denying ground two of Petitioner's 3.850 Motion.  Petitioner appealed, and on October 12, 2005, the Second District Court of Appeal affirmed the trial court in a *per curiam* decision.  *Clark v. State*, 912 So.2d 1224 (Fla. 2d DCA, Oct. 12, 2005) [table].  The mandate was issued on November 2, 2005.

Petitioner filed a § 2254 Petition with this court on October 28, 2005, which was later stricken.  (Dkt. #1.)  Petitioner amended his Petition, and filed the instant Petition on November 21, 2005.  (Dkt. #5.)  Petitioner asserts that his Fifth Amendment rights were violated because: (1) "a fabricated confession during interrogation" was elicited by the arresting officers; and (2) Miranda rights were not read to Petitioner before questioning.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Federal

courts may not grant habeas relief with respect to claims adjudicated on the merits in state court unless the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).

## **DISCUSSION**

### I.      **Procedural Bar**

Respondents contend that both of Petitioner's claims are procedurally barred because Petitioner did not raise these grounds in his direct appeal.

Federal habeas courts can not reach the merits of procedurally defaulted claims. *Rodwell v. Singletary*, 113 F. Supp.2d 1308 (M.D. Fla. 2000).  Issues presented in a habeas corpus petition must have been presented, and exhausted in the state courts prior to being presented in a § 2254 petition.  28 U.S.C. § 2254(b)(1); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).  Exhaustion of state remedies requires that a petitioner invoke appellate review, but does not require extraordinary procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); 28 U.S.C. § 2254.

This Court determines that since Petitioner raised substantially similar claims in his direct appeal, and again in his 3.850 Motion, they were exhausted at the state level, and are

ripe for review.

## II.      Overview of Claims:

Petitioner's present habeas petition presents two claims that his Fifth Amendment

rights were violated because:

   (1)      police elicited "a fabricated confession during interrogation"; and

   (2)      Petitioner was not read his Miranda rights before questioning.

## III.      Ground One

Petitioner alleges that his Fifth Amendment rights were violated because the arresting

officers elicited a "fabricated confession during an interrogation."  In support of his claim,

Petitioner alleges that the state prosecutorial team fabricated testimony from a "phantom

witness" which the trial judge erroneously admitted into evidence.  Petitioner further states

that admitting the testimony of the "phantom witness" resulted in a violation of his Sixth

Amendment right to confront his accuser.

Petitioner makes both a hearsay argument, and an argument invoking his Sixth

Amendment right to confront witnesses against him.  A hearsay objection is an evidentiary

objection, and thus falls under a different standard than the right of confrontation.  The

claims will be addressed separately.

A federal habeas court will not review a trial court's actions concerning the

admissibility of evidence.  *Lisenba v. California*, 314 U.S. 219, 228 (1941); *Osborne v.*

*Wainwright*, 720 F.2d 1237, 1238 (11th Cir.1983).  However, where a state court's ruling is

claimed to have deprived a defendant of his right to due process, a federal court should

"inquir[e] only to determine whether the error was of such magnitude as to deny fundamental fairness to the criminal trial...." *Osborne*, 720 F.2d at 1238, *quoting Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir.), *cert. denied sub nom. Hills v. Maggio*, 429 U.S. 850, (1976). When reviewing state evidentiary rulings, the established standard is that habeas relief will only be granted if the state trial error was material as regards a critical, highly significant factor. *McCoy v. Newsome*, 953 F.2d 1252, 1256 (11th Cir.), *cert. denied*, 504 U.S. 944 (1992) (*citations omitted*).

Turning first to Petitioner's hearsay argument, Petitioner alleges that statements made by a "phantom witness" were hearsay, and should not have been admitted into trial. The "phantom witness" to whom Petitioner refers was an anonymous caller that informed law enforcement that she had witnessed the Petitioner exiting the window of the burglarized dwelling. (Dkt. #12, Ex. 1, R 87.) The statements made by the anonymous caller do not constitute hearsay because the statements were not offered by the state to prove that Petitioner committed the burglary, but rather, were offered to establish the reason law enforcement initiated its investigation. *See* Fed. R. Evid. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). Even if the trial court had admitted inadmissible hearsay testimony, however, Petitioner would not entitled to relief because Petitioner received a fundamentally fair trial. Other evidence, including Petitioner's own confession, and law enforcement testimony, independently supported the jury's verdict.

Petitioner's second claim is that admitting the testimony of the "phantom witness" violated his Sixth Amendment right to confront his accuser.  The anonymous caller's statements do not implicate Petitioner's Sixth Amendment right because the statements were not evidence of Petitioner's guilt.  Rather, the statements were offered by Detective Cross only to explain her subsequent actions.  *See U.S. v. Price*, 792 F.2d 994 (11th Cir. 1986) (admitting taped witness statements into evidence did not violate defendant's Sixth Amendment right to confrontation because the statements were used only to put defendant's statements into context, not to prove guilt); *see also Espy v. Massac*, 443 F.3d 1362, 1367 (11th Cir. 2006) (permitting hearsay testimony of police officer about statements from two witnesses made  out of court did not violate Confrontation Clause of the Sixth Amendment). Petitioner's guilt was not based on information received by the anonymous caller, but rather on his own confession that was given to Detective Cross.  Petitioner's Sixth Amendment rights were not violated.  Accordingly, this ground fails.

## III.   Ground Two

Petitioner alleges that his Fifth Amendment rights were violated because he was not read his Miranda rights prior to his confession.

To receive habeas relief, Petitioner must prove that his constitutional rights were violated.  The Supreme Court held in *Miranda v. Arizona*, 384 U.S. 436 (1966), that certain warnings must be given before a suspect's statement made during custodial interrogation are admitted into evidence.  *Miranda* warnings must be given to protect the Fifth Amendment right against self-incrimination. *See Dickerson v. U.S.*, 530 U.S. 428, 435 (2000). "Custodial

interrogation" refers to "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. "Two discrete inquiries are essential to the [custody] determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave. . . . the court must [then] apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Thompson v. Keohane*, 516 U.S. 99, 112 (1995).

According to the record in this case, Petitioner was questioned by detectives prior to arrest, in a parking lot outside of his residence, in the presence of Petitioner's stepfather. (Dkt. # 13, Ex.1, R 89.) This is not a situation in which a reasonable person would not have felt free to leave. The officer did not suggest that Petitioner was under arrest, isolate him for questioning, or question him in a confined area. The circumstances surrounding the questioning do not suggest that Petitioner was restrained in any way. Since Petitioner was not in custody, the officers did not have a duty to read the *Miranda* warning prior to questioning Petitioner about the burglary. Petitioner has failed to demonstrate that his constitutional rights were violated, and therefore, this ground fails.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. §2254 (Dkt. #5) is DENIED.

2.      The Clerk is to enter judgment for Respondents, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 2, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2005\05-cv-2014.deny 2254.wpd